## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>vs.<br><br>PELLA CORPORATION, and PELLA WINDOWS AND DOORS, INC.,<br><br>        Defendants. | **No. 4:07-cv-00508-JEG**<br><br>**O R D E R** |

This matter comes before the Court on a Motion (1) for Reconsideration of the Court's August 24, 2009, Ruling; or, in the Alternative, (2) for an Award of Attorneys' Fees filed by Defendants Pella Corporation and Pella Windows and Doors, Inc. (collectively, Pella) on September 18, 2009.  Plaintiff Liberty Mutual Insurance Company (Liberty Mutual) filed a response on October 5, 2009; and Pella filed a reply on October 13, 2009.  The parties have not requested a hearing, and the Court finds no hearing is necessary.  This matter is fully submitted and ready for disposition.

## I.    BACKGROUND

On August 24, 2009, this Court entered an Order (the August 24 Order) granting Liberty Mutual's motion for partial summary judgment and dismissing Pella's second amended counter-claim, fourth cause of action (bad faith).[1]  Pella argues that the Court's decision to grant Liberty Mutual's summary judgment motion was clearly or manifestly erroneous.  In the alternative, Pella argues that it is entitled to attorney's fees as a sanction against Liberty Mutual for bad faith litigation positions.

---

[1] The applicable procedural, factual, and legal background for this case has been adequately set forth in the Court's May 15, 2009, Order (Clerk's No. 129) and August 24, 2009, Order (Clerk's No. 165) and will not be restated herein.

## II.   DISCUSSION

### A. Standard for Motion

Pursuant to Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." See Interstate Power Co. v. Kansas City Power & Light Co., 992 F.2d 804, 807 (8th Cir. 1993) (finding that since the district court's denial of a motion for summary judgment did not dispose of all claims between the other parties in the law-suit, the order was not a "final judgment, order, or proceeding" and should have been considered under Rule 54(b)); Jones v. Casey's Gen. Stores, 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008) (finding that Rule 54(b) is the proper method to seek reconsideration of an interlocutory order).

The Federal Rules of Civil Procedure "do not mention motions for reconsideration." Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999). Courts have noted, however, that the standard for a motion to reconsider under Rule 54(b), while somewhat murky, "is typically held to be less exacting than would be a motion under Federal Rule of Civil Procedure 59(e), which is in turn less exacting than the standards enunciated in Federal Rule of Civil Procedure 60(b)." Jones, 551 F. Supp. 2d at 854 (citing Kirt v. Fashion Bug # 3252, Inc., 495 F. Supp. 2d 957, 965 (N.D. Iowa 2007)). It is generally held that a court may amend or reconsider any ruling under Rule 54(b) to correct any "'clearly' or 'manifestly' erroneous findings of facts or conclusions of law." Doctor John's, Inc. v. City of Sioux City, Iowa, 456 F. Supp. 2d 1074, 1075 (N.D. Iowa 2006). "A motion to reconsider under Rule 54(b), however, may not 'serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought.'" Jones, 551 F. Supp. 2d at 854 (quoting Grozdanich v. Leisure Hills Health Ctr., Inc., 48 F. Supp. 2d 885, 888 (D. Minn. 1999)); see also Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988)

("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot . . . introduce new evidence . . . [or] serve as the occasion to tender new legal theories for the first time.").

## B. Analysis

Pella argues that in granting Liberty Mutual's motion for summary judgment the Court committed clear error on four grounds: (1) the Court's judgment was based on an issue not raised by Liberty Mutual in its motion; (2) a bad faith claim can be based on anything an insurer does that is not in good faith, while the Court held that bad faith claims are precluded if an insurer has one reasonable basis for denying coverage; (3) a genuine issue of material fact exists regarding whether Liberty Mutual actually denied or delayed coverage based on allegations in the Pappas and Saltzman lawsuits; and (4) there was sufficient evidence to show that Liberty Mutual did not conduct a proper investigation of Pella's claims.

### 1. Issue Not Raised

This Court is not unaware that it is improper for a court to use an unanticipated legal basis sua sponte for granting summary judgment. King v. Hardesty, 517 F.3d 1049, 1064 (8th Cir. 2008). The Eighth Circuit has repeatedly held that "a district court commits reversible error when it grants summary judgment on *an issue* not raised or discussed by the parties." Heisler v. Metro. Council, 339 F.3d 622, 631 (8th Cir. 2003) (emphasis added) (citing Am. Red Cross v. Cmty. Blood Ctr. Of the Ozarks, 257 F.3d 859, 863 (8th Cir. 2001) (reversing the grant of summary judgment on three issues not raised in the moving party's motion); Walker v. Mo. Dep't of Corr., 138 F.3d 740, 742 (8th Cir. 1998) (reversing summary judgment on ADA claim where district court based its decision on plaintiff's failure to establish an adverse employment action, and the parties' summary judgment submissions discussed only the issue of whether plaintiff was a qualified individual with a disability)). The Eighth Circuit maintains such a holding because "[i]t is fundamentally unfair to the nonmoving party to require [it] to address

issues not addressed by the moving party in anticipation that the district court might rely on some unidentified issue to grant the motion." Id. (citing Williams v. City of St. Louis, 783 F.2d 114, 116 (8th Cir. 1986) ("[T]he District Court . . . should have provided plaintiffs with notice of its intention to consider the . . . issue and with a meaningful opportunity to address that issue.")).

Similarly in King the district court had resolved the issue of failure to make out a prima facie case of discrimination, which the parties had assumed existed for purposes of their arguments directed toward legitimate, nondiscriminatory reasons for the adverse action. King, 517 F.3d at 1063-64. It is axiomatic that a party might be unfairly surprised by a new and unanticipated legal issue; but, there is no element of surprise in the facts contained in the record of the case.

The concern expressed in Heisler and evidenced by the facts in King is not present in this case because Pella, in the course of litigation in this case and as outlined in the August 24 Order, had ample opportunity to address the record relied upon in resolving the issue in the August 24 Order. The issue did not change, i.e., Liberty Mutual's motion identified the issue that its coverage position was fairly debatable as a ground for summary judgment. See L.R. 56(a)(1). The Court then relied upon facts in the record to decide the issue raised by the parties. See 10A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 2721 (3d ed. 1998) ("[T]he court is obliged to take account of the entire setting of the case on a Rule 56 motion. In addition to the pleadings, it will consider all papers of record.") (footnotes omitted, citing cases). Therefore, the Court does not find manifest error in holding that Liberty Mutual had a reasonable basis for denying coverage.

### 2.  Not in Good Faith

Pella argues that because Iowa contract law imposes a duty of good faith, the Court clearly erred in holding that one reasonable basis for denying coverage was sufficient to defeat a bad faith claim against an insurer. Despite this general duty, the Iowa Supreme Court enunciated

that "to establish a claim for first-party bad faith, the insured must prove two facts: (1) that the insurer had no reasonable basis for denying benefits under the policy, and (2) the insurer knew, or had reason to know, that its denial was without basis." United Fire & Cas. Co. v. Shelly Funeral Home, Inc., 642 N.W.2d, 648, 657 (Iowa 2002) (citing Kiner v. Reliance Ins. Co., 463 N.W.2d 9, 12 (Iowa 1990) ("To show a claim for bad faith, a plaintiff must show the absence of a reasonable basis for denying benefits of the policy and defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim.")).

In the August 24 Order, the Court indicated it was unable to locate an Iowa case that addressed the question of how courts deal with an insurer's denial of coverage when it is based on multiple grounds; and, after a survey of other case law, the Court held that any single reasonable basis for denying a claim was sufficient to defeat a bad faith claim.  Pella points to no binding case analyzing the two bad faith elements with a contrary holding showing that this Court committed clear error.  Thus, the Court declines to revisit this issue.

### 3. Denial or Delay of Coverage

In applying the law outlined in the August 24 Order, the Court concluded that Liberty Mutual had a "fairly debatable" reasonable basis for denying coverage; therefore, Pella cannot establish the first element necessary for its bad faith claim.  See Bellville v. Farm Bureau Mut. Ins. Co., 702 N.W.2d 468, 473 (Iowa 2005) (holding that, to establish the first element of a bad faith claim, a reasonable basis for denial of coverage exists if a claim is fairly debatable).

The first element of a bad faith claim is objective and is decided by the courts as a matter of law.  See id. 473-74.  The Court decided as a matter of law that Pella cannot establish the first element of a bad faith claim, thus any genuine issues of fact that may remain are immaterial.  See Rakes v. Life Inv. Ins. Co. of Am., 582 F.3d 886, 893 (8th Cir. 2009) ("[A] fact is material if its resolution affects the outcome of the case.").  Accordingly, Pella's third argument lacks merits and does not show that this Court committed clear error.

5

### 4.  Adequate Investigation

The August 24 Order outlined the law that required an adequate investigation when deciding if Liberty Mutual's denial of coverage was fairly debatable.  Therefore, the Court need not revisit the question of the adequacy of Liberty Mutual's investigation and finds that Pella's fourth argument does not indicate that this Court committed manifest or clear error.

### C. Attorney's Fees

Pella argues, alternatively, that if the Court denies its request for reconsideration, it is entitled to attorney's fees and other costs because it has had to defend against Liberty Mutual's allegedly unreasonable coverage positions.  Liberty Mutual argues that an award of attorney's fees would be contrary to the Court's summary judgment order dismissing Pella's bad faith claim.

A court has inherent power to sanction parties for abuse of the judicial process.  Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991).  That inherent power "must be exercised with restraint and discretion."  Id. at 44.  "[A] court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"  Id. at 45-46 (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc., 421 U.S. 240, 258-59 (1975)).  "A bad faith finding is specifically required in order to assess attorney's fees."  Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC, 458 F. 3d 733, 739 (8th Cir. 2006).

Pella now avers that, for the same reasons stated in opposition to Liberty Mutual's motion for summary judgment, it is entitled to an award of attorney's fees.  Since with this order the Court will have twice found no substantial evidence to support Pella's bad faith claim, the Court cannot make a contrary finding that Liberty Mutual acted in bad faith for purposes of assessing attorney's fees.  Likewise, the Court does not find adequate support in the record for Pella's argument of wanton, vexatious, or oppressive conduct by Liberty Mutual.  See Chambers, 501 U.S. at 44-45.  Even assuming unusually aggressive or tough litigation practice and posture, the

standard is abuse of the judicial process.  Therefore, the Court does not find the necessary basis for an award of attorney's fees.

## III.   CONCLUSION

For the foregoing reasons, Pella's Motion (1) for Reconsideration of the Court's August 24, 2009, Ruling; or, in the Alternative, (2) for an award of Attorneys' Fees (Clerk's No. 169) must be **DENIED**.

**IT IS SO ORDERED.**

Dated this 21st day of January, 2010.

JAMES E. GRITZNER, JUDGE
UNITED STATES DISTRICT COURT